# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEANA EDDINGS, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-01201-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PAY THE $400.00 FILING FEE<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Steven Wayne Bonilla is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the instant complaint on August 31, 2018. Plaintiff has not paid the $400.00 filing fee or filed an application to proceed in forma pauperis in this action.

　　　　Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

1

may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] Plaintiff has been informed in prior cases that he is subject to the provisions of section 1915(g).[2] Although Plaintiff argues that section 1915(g) violates his rights to equal protection of the law, the Ninth Circuit has held that section 1915(g) does not violate the Equal Protection Clause. Rodriguez v. Cook, 169 F.3d 1178, 1179-80 (9th Cir. 1999); Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on September 21, 2017. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court further finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff has not shown that he is at risk of any serious physical injury. Rather, Plaintiff challenges his Alameda County criminal conviction on the grounds that exculpatory evidence was not disclosed and the prosecutor committed misconduct. Accordingly, there is no showing that Plaintiff is under imminent danger, and Plaintiff must pay the filing fee.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within fourteen (14) days of the date of service of this order, Plaintiff shall show cause in writing why this case should not be dismissed for failure to pay the filing fee, or to pay the full $400.00 initial filing fee in full to proceed with this action; and

///

---

[1] The Court takes judicial notice of that fact that Plaintiff has previously filed numerous complaints, including the following: (1) Bonilla v. Santa Barbara Cty., Case No. 2:18-cv-00988-DMG-JPR (C.D. Cal.) (dismissed on February 13, 2018, as frivolous, malicious, and for failure to state a claim); (2) Bonilla v. Alameda Cty. Prosecutor Jon Goodfellows, Case No. 2:18-cv-00685-DMG-JPR (C.D. Cal. (dismissed on February 5, 2018, as frivolous, malicious, and for failure to state a claim); (3) Bonilla v. Unknown, Case No. 2:17-cv-07757-DMG-JPR (C.D. Cal.) (dismissed on October 27, 2017, as frivolous, malicious, and for failure to state a claim); and (4) Bonilla v. State of Cal., Case No. 4:11-cv-02654-CW (N.D. Cal.) (dismissing 13 civil rights actions on June 13, 2011, for failure to state a claim).

[2] See In re: Steven Wayne Bonilla, Case No. 15-16444 (9th Cir.); Bonilla v. Alameda Cty. Prosecutor Jon Goodfellows, Case No. 2:18-cv-00685-DMG-JPR (C.D. Cal., ECF No. 4); see also Bonilla v. Stout, Case No. 18-cv-00700-BAM (PC) (E.D. Cal., ECF No. 6).

2. Plaintiff's failure to comply with this order will result in a recommendation to a district judge to dismiss this action.

IT IS SO ORDERED.

Dated: __**September 10, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE